in a suit brought against him by the owners. From these authorities it would seem, that the driver is not a competent witness in behalf of the proprietor who is prosecuted for an injury received, through the negligence or misconduct of the driver.

McKINSEY (CALLADAY v.). See Case No. 2,318.

## Case No. 8,866.

### McKINSEY et al. v. HARDING.

[4 N. B. R. 38 (Quarto, 10).] [1]

District Court, D. Virginia. Sept. 24, 1869.

BANKRUPTCY—LIEN CREDITOR—JUDGMENT—GOING BEHIND—INSANITY OF BANKRUPT—CORAM NOBIS —REFUSAL TO BE EXAMINED—PROOFS.

1. Where assignees apply to court for an order to examine a lien creditor who had obtained judgment against Ira Hurt, one of the bankrupts, for four thousand three hundred and sixty-two dollars and fifty-one cents, and against Walter C. Calloway, the other bankrupt, for four thousand two hundred and fifty dollars and fifteen cents. alleging usury on the part of Calloway. In Re Hurt, the lien creditor refused to be examined, through advice of his counsel, and submitted to the court the following questions: Is it competent for the district court to go behind the judgment of the state court, and inquire into the consideration of the debt upon which the judgment is founded? The facts disputed were: Usury in the consideration of the debt—ability and opportunity of the bankrupt to plead to action at law in the state court—his mental condition at the time the process was served, and at the date of the judgment obtained against him. *Held*, the lien creditor should have produced evidence satisfactory to the register, or answered the questions of the assignee in relation to his asserted lien against the estate of the bankrupt.

[Cited in Re Pittock, Case No. 11,189.]

2. In view of the alleged insanity of the bankrupt, a writ, coram nobis, in the court where the judgment was rendered would be the proper mode of redress; the jurisdiction of this court will then attach to the whole subject.

3. In Re Calloway, the lien creditor again refused to be examined—the same questions were certified to the court, and it was admitted that the judgment was rendered upon a plea of usury. *Held*, the creditor was right in refusing to be examined in relation to a question of usury upon the debt for which the judgment was rendered.

4. Where the assignees, by their counsel, moved to strike out proofs filed in each of said cases. and the motion was objected to by attorney for lien creditor, *held* the proofs having been admitted to file, and appear in form, and since they distinctly assert and claim a lien, although against the entire estates of the several bankrupts, the real lien is not thereby vitiated.

5. The informality in the proofs objected to does not avail, for the reason, the witness has sworn positively, of his own knowledge.

[Cited in Re Watrous, Case No. 17,270.]

Hurt & Calloway filed their petition in bankruptcy, in Lynchburg, in 1868, and were duly adjudicated bankrupts. McKinsey & Brown, of Danville, were appointed assignees, and in the course of the proceedings in this case, these assignees applied to the court for an order to have Dr. Harding examined before the register, in Lynchburg, under the following circumstances:

On the 9th November, 1865, Harding ob-

tained a judgment in the circuit court of Roanoke county, against Hurt, upon which he proved a debt against this bankrupt's estate for four thousand three hundred and sixty-two dollars and fifty-one cents, the defendant having waived his plea previously plead that he had well and truly paid the debt. Again, on 3d September, 1866, the said Harding obtained the verdict of a jury in the said circuit court of Roanoke, against Calloway, for the sum of four thousand two hundred and fifty dollars and fifteen cents, which he also proved against said Calloway's estate—in both cases principal, interest, and expense are included.

The object of the assignees' proceeding was to revive a charge which had been got up by Hurt & Calloway in the state court, of usury on the part of Calloway, but as the salient points of the case are fully elucidated in the register's reports and opinions, as also in the pleas of the counsel, we give them entire, this being the first case in which this question (of usury) in connection with state court judgments, has been before the district court in bankruptcy.

### In re Ira Hurt, Senr.

At Lynchburg, in said district, on the 15th June, 1869, before me, John F. Cobbs, one of the registers of said court in bankruptcy, upon an order in said matter heretofore made and entered, for the examination of John B. Harding et al.

Present: L. D. Haymond, Esq., attorney for assignees; Andrew Rutherglen, Esq., attorney for J. B. Harding, creditor, etc.

The said John B. Harding personally appeared before me, at the time and place designated in said order, and through advice of his counsel refused to be examined in relation to a judgment obtained by him against the bankrupt, prior to the commencement of the proceedings in bankruptcy: First. Because a question of law and fact has been raised in these proceedings. Second. Because, until the decision of the court has been obtained, it is incompetent to proceed with the evidence sought to be had, and desires these questions to be certified to the court, which are herewith submitted accordingly.

The following are the questions: First. Is it competent for the district court to go behind the judgment of the state court, and inquire into the consideration of the debt upon which the judgment is founded. Second. The questions of facts. Usury in the consideration of the debt—ability and opportunity of the bankrupt to plead to action at law in the state court—his mental condition at the time the process was served, and at the date of the judgment obtained against him?

Upon the foregoing questions, the register is of the following opinion: The lien creditor, John B. Harding, should have produced evidence satisfactory to the register, or answered the questions of the assignees, in re-

[1] [Reprinted by permission.]

lation to his asserted lien against the estate of the bankrupt. The validity of the judgment being put in question, and no certified copy of the proceedings in the state court being exhibited before the register, it is impossible for him to express any definite opinion on the questions presented. But if it should be shown that the proceedings in the state court were in all respects regular and legal, and that the defendant had a day in court and pleaded, and upon the issue joined the judgment was rendered, then the plea of res judicata prevails, and I am of opinion that said judgment, according to the laws in force at the time in Virginia, constituted a lien upon the real estate of the bankrupt; if, however, the record of the proceedings in the state court discloses the fact that the defendant made no appearance, that no matter was pleaded, and no issue joined, in the action upon which the judgment was obtained, it appears to the register that the whole matter should be inquired into, but that the remedy of the assignees properly belongs to another forum. The question of the jurisdiction of the district court to go behind the judgment of the state court, and inquire into the consideration of the debt upon which the judgment is founded, I think has been settled adversely in Re Campbell [Case No. 2,349], and reaffirmed in Re Burns [Id. 2,182]. Vide G. B. C. R., 69, 70. The plea of res judicata is conclusive, except for the fact of the insanity of the bankrupt alleged, or some informality or illegality in the proceeding in the state court. But if insanity, or any matter of fact, be the ground for a review of the judgment, a court of equity is not, but a court of law is, the proper forum for redress, and a writ of error, coram nobis, in the court wherein judgment was rendered, would be the proper mode of redress. The alleged insanity is matter of fact, which, if true, made the judgment erroneous, and which, if known to the court, would have caused it to provide for a proper defense, by guardian ad litem (Gordon v. Frasier, 2 Wash. [Va.] 130; Cole v. Pennell, 2 Rand. [Va.] 174); and when the fact is of the kind which may be made the ground of a writ of error, coram nobis, equity has no jurisdiction (Williamson v. Appleberry, 1 How. [42 U. S.] 206), in which a party was dead when judgment was rendered. The chancellor held it no ground for injunction, but for error, coram nobis. The relief granted in equity by virtue of Code of Virginia (Ed. 1860), 141, applies to cases wherein money has been paid out upon usurious considerations; and is not applicable to judgments upon which no money has been paid out. I am, therefore, of opinion that the district court cannot go behind the judgment; but that the assignees, if they desire to raise the question, must sue out a writ of error, coram nobis, in the court which rendered the judgment, and have it reversed. The suit will then be open, and the jurisdiction of this court will attach to the whole subject as if it were a pending suit when the proceedings commenced in this matter.

John F. Cobbs, Register.

### In re Walter C. Calloway.

At Lynchburg, in said district, on the 15th of June, 1869, before me, John F. Cobbs, one of the registers of said court in bankruptcy, upon an order in said matter heretofore made and entered, for an examination of John B. Harding et al.

Present: L. D. Haymond, Esq., attorney for assignees; Andrew Rutherglen, Esq., attorney for John B. Harding, etc.

The said John B. Harding personally appeared before me, at the time and place designated in said order, but refuses, through the advice of his attorney, to be examined in relation to a judgment obtained against the bankrupt prior to the commencement of these proceedings in bankruptcy: First. Because a question of law as well as facts has been raised in these proceedings, and are requested first to be certified to the court for its decision. Second. Because, until the decision of the court has been obtained, it is incompetent to proceed with the evidence sought to be had.

The following are the questions of law and facts arising in said matter, and asked to be certified to the court for its decision, viz.: Is it competent for the district court to go behind the judgment of the state court, and inquire into the consideration of the debt upon which the judgment is founded? It is admitted that a judgment was rendered upon a plea of usury, and the amount and date of said judgment duly rendered after hearing both parties in the state court.

Upon the foregoing questions the register is of the following opinion:

By the petition of the assignees, the only question they ask to be inquired into by the court being that of usury, in the consideration of the debt upon which the judgment is founded, having already been adjudicated in a court of competent jurisdiction, the plea of res judicata in the present matter must prevail.

The register is of the further opinion that the witness and creditor, John B. Harding, is right, and should be sustained by the court, in refusing to be examined in relation to the question of usury upon the debt for which the judgment was rendered; the matter having been fully heard and determined in open court, and that said judgment, by the laws of Virginia in force at the time of its rendition, constituted a lien upon the real estate of the said bankrupts.

John F. Cobbs, Register.

### In re Ira Hurt & Walter C. Calloway.

George C. Brown, assignee of Ira Hurt, and the same Geo. C. Brown and John W. McKinsey, assignees of Walter C. Calloway, by their attorney moved to strike out or expunge the proofs filed in each of said cases

by Andrew Rutherglen, attorney for John B. Harding, on June, 1869, on the following grounds, to wit:

First. That the said proofs appear to be intended for cases in which the proceedings are involuntary, whereas both of these cases are voluntary proceedings.

Second. The debts set up and claimed in said proofs were founded on an usurious consideration, and are, therefore, illegal, and these estates cannot be charged with their payment.

Third. The debts are claimed as liens on the entire estate of the bankrupts, whereas, if they are liens at all, they only bind the real estate.

Fourth. For informality in not conforming to the requirements of general clause 103, section 22, of the bankrupt act [of 1867 (14 Stat. 527)]. They do not, nor do either of them show any reason why the creditor himself could not have made the deposition in person. The attorney does not "testify to the best of his knowledge, information, and belief," nor does he set forth his means of knowledge as to said claims.

Fifth. In the matter of Hurt, if the writ of summons of the state court was served on said Hurt at all, it was at a time when he was of unsound mind, and incapable for that reason of giving it any attention; and the supposed judgment was rendered at a special term of Roanoke circuit court, held more than thirty miles from the place of Hurt's residence, when he was still of unsound mind, but also when there was no public means of communication between Roanoke Court House and Hurt's neighborhood, it having been not long after the close of the late war; and hence Hurt, or his agent, or committee (if he had one), had no notice of said special term, and could not for that reason have made any defense in said court. But if the proofs in these cases, or either of them, shall be sustained and admitted, then it is claimed that the creditor has thereby surrendered any and all liens supposed to exist or to have been created by the judgment described and set forth in said proofs.

In re Ira Hurt, Sen., and Walter C. Calloway.

John B. Harding, by his attorney, objects to the proposed proceedings in the cases in bankruptcy of Ira Hurt and Walter C. Calloway, in respect that they are beyond the jurisdiction of the court in bankruptcy.

First. Because the proposed proceedings are instigated by the assignees of these bankrupts in defiance of an established rule in law in bankruptcy, that "the rights of a bankrupt to sue for and recover back money paid by him as usury is not such a right of property as vests in assignees in bankruptcy." Nichols v. Bellows, 22 Vt. 581.

Second. Because the said Harding's proofs of debt, filed with the register in these cases, consists of judgments obtained in a competent court, and are conclusive with respect thereto. Williams v. Armroyd, 7 Cranch [11 U. S.] 423, 603.

Third. Because a judgment or decree of a court of competent jurisdiction is conclusive that where a matter has been once heard and determined in one court, it cannot be raised anew and reheard in another, and hence the plea of res judicata in the present case prevails. Hopkins v. Lee, 6 Wall. [73 U. S.] 109; Bank of U. S. v. Beverly, 1 How. [42 U. S.] 134.

Fourth. Because a judgment of a state court cannot be assailed in the district court, but the assignee and creditors must resort to the state court to test its validity. Ex parte Burns [Case No. 2,182]; Atkinson v. Purdy [Id. 616].

Fifth. Because, had there been grounds for making such an investigation as the one sought, it is out of time, and falls under the rule competent, but admitted, and therefore it has been held that "where the offense for which the penalty is demanded was alleged and proved to have been committed on the 14th day of October, 1807, and the bill was found by the grand jury November, 1808, that whatever interest the complainant might have had was lost at the commencement of the prosecution, more than one year, the time limited, having elapsed." Ang. Lim. p. 96, § 109.

Sixth. Because, in respect that the preceding points have arisen in the proceedings, the said Harding desires the opinion of the district judge thereon, and until such opinion be obtained and duly intimated to all concerned, he denies the competency of the register to proceed further under the order made on the requisition of the assignees.

John B. Harding,
By his counsel, Andrew Rutherglen.
Lynchburg, 15th June, 1869.

In re Ira Hurt, Sen., and Walter C. Calloway.

At Lynchburg, in said district, on the 15th of June, 1869, before me, John F. Cobbs, one of the registers of said court in bankruptcy, the foregoing objections being presented to the claims of John B. Harding, a creditor who has filed his proofs of debt, the same is requested to be certified to the court for its decision thereon, which is herewith done accordingly. And upon the foregoing objections I am of the following opinion:

The proofs have been admitted to file and appear in form, and since they distinctly assert and claim a lien, although against the entire estates of the several bankrupts, the real lien is not thereby vitiated. The informality in the proofs objected to does not avail for the reason the witness has sworn positively of his own knowledge. The remaining objections to said proofs, I think will be found passed upon in the opinion of the register expressed upon the questions certified to the court for its decision in each of the said matters in bankruptcy.

John F. Cobbs, Register.

L. D. Haymond, for assignees.
Andrew Rutherglen, for Dr. Harding.

UNDERWOOD, District Judge. The decisions of the register are approved and affirmed.

McKINSTRY (McCABE v.). See Case No 8,-667.

## Case No. 8,867.

### In re MACKINTIRE.

[6 Int. Rev. Rec. 29.]

District Court, S. D. New York. July 19, 1867.

BANKRUPTCY—REGISTER'S FEES — ORDER FOR EXAMINATION OF A BANKRUPT.

[A register in bankruptcy is not entitled, under rule 30 of the "General Orders in Bankruptcy" or under any provision of the bankrupt law (Act 1867), to any fee, either from the bankrupt or the creditor, for issuing an order upon the application of a creditor for the examination of the bankrupt in behalf of such creditor, but the creditor must pay the register his legal fees for taking the deposition of the bankrupt, both on direct and cross examination.]

[In the matter of James Mackintire, a bankrupt.]

BLATCHFORD, District Judge. In this case the register certifies that the first meeting of creditors was held July 11th, at which notice was given of an application next day for an order to examine the petitioner on behalf of a creditor, and the meeting was duly adjourned to July 12th. On that day, the petitioner attending, a creditor who had filed proof of his claim applied for an order in pursuance of said notice, for the examination of the petitioner on behalf of the creditor, at that time the petitioner not objecting to the time, but insisting that the creditor must pay the register's fees for the order. The creditor refused to pay the fees, insisting that they must be paid out of the deposit of fifty dollars made by the petitioner with the clerk. The register proposed to grant the order on payment by the creditor of one dollar as the proper fee. At the request of the creditor the register has certified the question for the decision of the court.

The register in his certificate refers to that portion of the 4th section of the bankruptcy act [of 1867 (14 Stat. 518)] which provides that the fees of the registers, as established by the act, and by the general rules and orders, required to be framed under it, shall be paid to them by the parties for whom the services may be rendered in the course of proceedings authorized by the act. He also refers to that part of rule 29 of the general orders in bankruptcy which provides that the fees of the register shall be paid or secured in all cases before he shall be compelled to perform the duties required of him by the parties requiring such service. He also states it to be his opinion, that the

granting of the order for the examination of the bankrupt having been required by the creditor, and not by the bankrupt, the former and not the latter ought to pay the fees for the order.

On the part of the creditor it is claimed that such fees as are connected with the personal examination of the bankrupt, are governed by the 47th section of the act; that the bankrupt is compelled by that section to deposit fifty dollars for that purpose; that that section contemplates that the services of the register in the examination of the bankrupt are services required by the bankrupt and not by the creditor; that under the 47th section, the register was entitled to charge three dollars for the adjourned meeting of creditors on the 12th of July, such fee to be paid by the bankrupt; that such fee was the only fee the register had a right to charge, there being no provision by which he could exact one dollar from the creditor for entering an order for the examination of the bankrupt; that no such order was required; that there are services of the register specified in the 4th section of the act, which may be required of a creditor, and for which he should pay, but that the act does not contemplate that a creditor shall pay for the register's services in examining the bankrupt for the purpose of seeing whether he has made a proper exhibit of his affairs, when he calls a meeting of his creditors for that purpose; that under the 47th section the bankrupt must pay to the register for that service, the three dollars for the meeting of creditors, and also the fees allowed by law for taking his deposition; that section 26 of the act requires the bankrupt at all times to attend and submit to an examination on oath upon all matters relating to the disposal of his property, &c.; that the fees for such examination are provided for by section 47 of the act; that that section says that such fees shall be paid out of the estate and have priority over all other claims; that the court may, under rule 29 of the general orders in bankruptcy, exercise its discretion as to the payment of the whole or a part of the fees out of the fund in court, but that without such direction from the court the register must look to the funds in court for his fees in such a case as the present.

The views urged for the creditor are thus fully stated, in order that it may be seen that the question has been considered by the court in all its aspects. The fee of one dollar proposed to be charged by the register, in this case for making the order for the examination of the bankrupt, is not provided for by the act, and is not at all provided for, unless it is covered by the following provision of rule 30 of the general orders in bankruptcy, under the head of "Fees to the Register." "For every order made where notice is required to be given, and for certifying copy of the same to the clerk, one dol-